[No. 14443. Department One. September 27, 1918.]

LEWIS RIETZ *et al., Appellants,* v. JOHN T. CRUTCHER, *as Executor etc., Respondent.*[1]

Appeal from a judgment of the superior court for Whitman county, McCroskey, J., entered January 18, 1917, upon findings in favor of the defendant, in an action to establish a claim against the estate of a decedent, tried to the court. Affirmed.

*Verne Towne* and *Neill & Burgunder,* for appellants.
*Fred E. Helwig* and *Hanna & Hanna,* for respondent.

MAIN, C. J.—This action is based upon a claim presented to, and rejected by, the defendant, as executor of the last will and testament of Henry N. Jones, deceased. There were several items in the claim, one of which was a note for $2,500. The defendant, in his answer, plead as against this item that there was no consideration therefor, and that the deceased was not competent to transact business when the note was executed. The cause was tried to the court without a jury, and resulted in findings of fact, conclusions of law and a judgment sustaining both of the mentioned defenses to the note. The plaintiffs appeal.

The controversy here is over the note, which was executed on September 22, 1915. Henry N. Jones, the maker of the note, died testate on the 26th day of October, 1915. At the time the note was executed, the deceased was almost eighty years of age, decrepit in body and with his mental faculties very much impaired. Whether he was competent on this date to transact business, such as making a note for the amount mentioned, is a question of fact. The trial court, by the findings and judgment, has denied such competency.

It would serve no useful purpose to review the evidence in detail on this question, which, of course, is conflicting. It may be said, however, that, after giving the evidence careful consideration, we are of the opinion that the findings and judgment of the trial court are right, not only upon the question of competency, but also upon the question of want of consideration, and that the judgment should be sustained.

Affirmed.

FULLERTON and PARKER, JJ., concur.

[1]Reported in 175 Pac. 293.